UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT NAPIER and
MILDRED NAPIER,

    Plaintiffs,

v.                                      CASE NO:    8:09-cv-245-T-23MAP

HARTFORD FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

On December 9, 2008, the plaintiffs sued Hartford Fire Insurance Company ("Hartford") in state court for breach of an insurance contract. The complaint alleges that Hartford refused to pay benefits under the policy for (Doc. 2 ¶ 5) "damage to [the plaintiffs'] home, including, but not limited to, progressive physical damage to the walls and floors of the residence." The complaint seeks damages in excess of $15,000.00 including (Doc. 2 ¶ 11) "the full cost of repairs of the damage to [the plaintiffs'] home including, but not limited to, remediation of subsurface conditions, restoration of the foundation, cosmetic repair, repairs of the cracks, structural repair, temporary repairs and other expenses necessary to repair the . . . . home and, if the home is not repairable within the applicable coverage limits, an amount equal to such limits for the total loss." Additionally, the complaint seeks attorneys' fees pursuant to Section 627.428, Florida Statutes, prejudgment interest, and costs. The complaint fails to

disclose the cause of the alleged damage to the plaintiffs' home. However, the plaintiffs' first request for admissions (Doc. 1-3 at 5-7) includes a request that Hartford admit (1) that the pertinent insurance policy covers the damage to the plaintiff's home "if the damage was caused by sinkhole activity" and (2) that Hartford "advised Plaintiffs that WRS Consulting Engineers, Inc., had concluded that the damage to the insured premises was caused by an excluded peril under the policy and not sinkhole activity." The insurance policy has a $264,000.00 limit on liability for damage to the plaintiffs' dwelling. On February 11, 2009, Hartford removed and alleged diversity jurisdiction under 28 U.S.C. § 1332.

Before addressing the merits of any case, a district court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, a district court may raise sua sponte the question of subject-matter jurisdiction "at any stage in the litigation." Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). This action must be remanded because the removing documents fail to establish a basis for federal jurisdiction.

Section 1441 of Title 28 permits removal by a non-resident defendant of an action within the diversity jurisdiction of the district court. Diversity jurisdiction exists if the action is between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Williams v. Best Buy Co.,

Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). As the removing party, Hartford bears the burden of establishing subject matter jurisdiction. Williams, 269 F.3d at 1319. The requirements of Section 1441 are strictly construed, and a case in which jurisdiction is doubtful should be remanded. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). Because the plaintiffs' complaint (Doc. 2) fails to claim a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams, 269 F.3d at 1319. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

Apart from a conclusory allegation that the amount in controversy exceeds the jurisdictional amount, Hartford (a) repeats the complaint's vague description of the damage to the plaintiffs' home and (b) notes the $264,000.00 policy limit, which "does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit," Employers Mut. Cas. Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, at * 2 (S.D. Ala. Dec. 27, 2007). In short, Hartford wholly fails to show that plaintiff's claim (even including potential attorney's fees, as to which the defendant provides no specific allegation or evidence[1]) exceeds the jurisdictional amount. Hartford merely "fill[s] the

---

[1] See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. § 627.428(1) (providing that fees shall be awarded if there is a judgment "against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer."). But see Jackson v. Am. Gen. Fin. Servs., Inc., No. 7:06-cv-19, 2006 WL 997614, at *2 (M.D. Ga. Apr. 17, 2006) ("[T]he allegation of attorney's fees must be specific in order
(continued...)

notice of removal with the type of unsupported assumptions [that the Eleventh Circuit has] held to be inadequate." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). Accordingly, this case is **REMANDED** to state court. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of the Tenth Judicial Circuit for Polk County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on February 18, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

(...continued)
for a defendant to meet the burden of proof upon removal."); Wisely v. Allstate Ins. Co., No. 8:05-cv-1659-T-24 MAP, 2006 WL 2189125, at *2 (M.D. Fla. Aug. 1, 2006) (declining to consider attorneys' fees in determining the amount in controversy because the defendant failed to "put forth any evidence from which a specific amount of attorneys' fees can be ascertained. Therefore, if the Court were to consider Plaintiff's demand for attorneys' fees in calculating the amount in controversy, the amount assigned to Plaintiff's demand for attorneys' fees would be based on pure speculation, since the Court has no way of determining the amount of attorneys' fees."); Wheeler v. Allstate Floridian Indemn. Co., No. 3:05-cv-208, 2006 WL 1133249, at *2 n.13 (N.D. Fla. Apr. 26, 2006).